IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| DIAMOND BEACH CONDOMINIUM ASSOCIATION | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-05-03212 |
| RESTORATION ENGINEERING, INC. et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

On November 29, 2005, Diamond Beach Condominium Association ("Diamond Beach") sued Restoration Engineering, Inc. and Jeffrey M. Hugney under various theories, including negligence. In its amended complaint, Diamond Beach alleges that Restoration Engineering, Inc., an architectural firm, and Jeffrey M. Hugney, an architect, negligently designed and supervised a facade restoration project on an Ocean City, Maryland condominium. *See* Amended Complaint at Count III. Diamond Beach also alleges that during the project, Hugney made numerous negligent misrepresentations. *See id*. at Count VI.

Pending are the Defendants' motions to dismiss the complaint for failure to state a claim and Counts III and VI for failure to file a certificate of a qualified expert, and Diamond

Beach's motion for leave to file a seconded amended complaint.  For the following reasons, the Defendants' motion to dismiss Counts III and VI for failure to file a certificate of a qualified expert will be granted, and the Defendants' motion to dismiss the complaint for failure to state a claim and Diamond Beach's motion for leave to file a second amended complaint will be denied.[1]

## ANALYSIS

A.      Failure to File Certificate of Qualified Expert

Within 90 days after a malpractice claim is filed--against an architect or architectural firm--the plaintiff must file a certificate of a qualified expert.[2]  *See* MD CODE ANN., CTS. & JUD. PROC. §§3-2C-01 (2006).  If the certificate is not timely filed, the action must be dismissed.  *See* § 3-2C-02.  Diamond Beach did not file its certificate until April 3, 2006--beyond the 90 day time limitation.  *See* Opp. Exh. A.  As the Plaintiff failed timely to file the certificate, its negligent design, supervision and misrepresentation claims will be dismissed. *See Heritage*

---

[1] Instead of filing an answer, the Defendants filed motions to dismiss.  As no answer was filed, Diamond Beach filed an amended complaint without leave of court. *See* Fed. R. Civ. P. 15(a).  The Plaintiff's amended complaint addresses all of the issues raised in the Defendants' 12(b)(6) motion.  The Defendants' motion to dismiss for failure to state a claim, therefore, will be denied as moot.  The amended complaint, however, does not resolve the Plaintiff's failure to file a certificate of a qualified expert.

[2] The certificate of a qualified expert must attest that the licensed professional failed to meet an applicable standard of professional care.  *See* MD CODE ANN., CTS. & JUD. PROC. 3-2C-01 (d).

*Harbour v. John J. Reynolds*, 143 Md. App. 698, 708-09 (2002) (no grace period for parties who fail timely to file the requisite certificate).

B.      Motion for Leave to File Second Amended Complaint

Motions to amend are to be granted in the absence of futility.  *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) *(citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Diamond Beach moves to amend its complaint to add the certificate of a qualified expert.  As stated above, Diamond Beach's failure timely to file its certificate warrants dismissal of its negligence claims.  An amendment, therefore, would be futile.  Accordingly, Diamond Beach's motion for leave to file a second amended complaint will be denied.

## CONCLUSION

For the reasons discussed above, the Defendants' motion to dismiss Counts III and VI for failure to file a certificate of a qualified expert will be granted, and the Defendants' motion to dismiss the complaint for failure to state a claim and the Plaintiff's motion for leave to file a seconded amended complaint will be denied.

<u>May 15, 2006</u>                           <u>        /s/        </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge

3