```
              IN THE UNITED STATES DISTRICT COURT FOR
             THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
DIAMOND BEACH CONDOMINIUM
ASSOCIATION,                      *

     Plaintiff,                   *     CIVIL NO.: WDQ-05-3212

v.                                *

RESTORATION ENGINEERING,          *
INC., ET AL.,
                                  *
     Defendants.
                                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The Diamond Beach Condominium Association ("Diamond Beach") has sued Restoration Engineering, Inc., and Jeffrey M. Hugney, Diamond Beach's Architects, (collectively "the Architects"), for breach of contract, fraud, concealment or non-disclosure, and violations of Maryland's Consumer Protection Act for their participation in a repair and improvement project (the "Project") related to the Diamond Beach Condominiums (the "Condos").[1]

Pending is the Architects' Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). For the reasons discussed below this motion will be granted in part and denied in part.

---

[1] On May 16, 2006 the Court dismissed Count III -- Negligent Design and Supervision, and Count VI -- Negligent Misrepresentation. (Paper No. 17).

1

I.  Background

Diamond Beach alleges that it entered into an oral agreement with the Architects (the "Architect Contract").  *Id*. ¶ 7.  On March 21, 2003, on the recommendation of the Architects, Diamond Beach entered into a contract with general contractor C.A. Lindman, Inc., ("Lindman" and the "Lindman Contract") to restore the facade of the Condos.  *Id*. ¶ 10.  The Lindman Contract designated the Defendants as the architects for the Project.  *Id*.

Diamond Beach alleges that the Architects failed to disclose their prior relationship with Lindman.  *Id*. ¶ 11.  Diamond Beach alleges that this omission resulted in its acceptance of Lindman's bid, which was $145,000 higher than the lowest bid.  *Id*. ¶ 13.

Moreover, Diamond Beach alleges that the Architects' duties were stated in the Lindman Contract and included designing watertight windows, supervising the Project, and representing Diamond Beach with respect to the Project.  *Id*. ¶ 15, 16; *see also* ¶ 18 (Architects' alleged obligations stated in Article 9 of the Lindman Contract).  Diamond Beach alleges that 1) the Architects allowed Lindman to install windows that failed to comply with the architectural design, 2) failed to disclose that the windows failed tests specified under the contract, 3) failed to disclose other defects in the windows, 4) failed to require Lindman to fix these defects, 5) made deceptive statements in its

written "Observation Reports," and 6) represented that Lindman had substantially completed its work while defects were on-going. *Id*. ¶ 20, 22.  As a result, Diamond Beach made payments to Lindman. *Id*. at 22.

On November 29, 2005, Diamond Beach filed its complaint for the harms it allegedly suffered due to the Architects' participation in the Project.  On January 31, 2006, the Architects filed a motion to dismiss for failure to state a claim upon which relief may be granted.  On March 15, the Architects filed a motion to dismiss for failure to file a certificate of a qualified expert.  On March 16, Diamond Beach filed an Amended Complaint.

On May 16, the Court dismissed Counts III and VI for failure to file a certificate of a qualified expert and denied as moot the motion to dismiss the Complaint for failure to state a claim because the Complaint had been superseded by the Amended Complaint.  On October 31, the Architects filed the pending motion for judgment on the pleadings.

II. Analysis

A. Standard of Review

Under Rule 12(c), a defense of failure to state a claim upon which relief may be granted may be raised in a motion for judgment on the pleadings.  *Nat'l Cas. Co. v. Lockheed Martin*

3

*Corp.*, 415 F.Supp.2d 596, 600 (D. Md. 2006).  In reviewing such a motion, the court should apply the standard for a Rule 12(b)(6) motion.  *Id*. (*citing Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002)).

A 12(c) motion should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (discussing Rule 12(b)(6)), *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993) (discussing Rule 12(b)(6)).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *See Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(c) motion, the court will consider the facts stated in the complaint and any attached documents.  *See Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997), *aff'd* 151 F.3d 180 (4th Cir. 1998) (discussing Rule 12(b)(6)).  The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *See id*.

The court, however, "is not bound to accept as true a legal conclusion couched as a factual allegation. . . . Nor is the Court bound to accept Plaintiff's conclusory allegations regarding the legal effect of the facts alleged."  *Nat'l Cas. Co.*, 415 F.Supp.2d at 600-01 (citations omitted).

B.   Breach of Contract

The Architects argue that Diamond Beach has not pled facts supporting a breach of contract claim. "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001).

Diamond Beach alleges the existence of an oral Architect Contract. Diamond Beach alleges that the Architects' obligations, under that contract, included designing windows, providing architectural services, and supervising the Project. Am. Compl. ¶ 16. Article 9 of the Lindman Contract, entitled "Architect's Administration of the Contract," appears to be the only written evidence of the Architects' contractual obligations. Am. Compl. ¶ 18. The Architects, however, do not appear to be a party to the Lindman Contract. It is axiomatic that one may not be bound by a contract to which it is not a party.

Significantly, however, the Architects do not deny the existence of a contractual relationship between them and Diamond Beach, nor do they deny that Article 9, at least in part, states their obligations.[2] Thus, the Court will proceed, for now, under

---

[2] The Court notes that although the alleged Architect Contract was reached before the Lindman Contract, the oral agreement could have been modified to include the terms of Article 9.

5

the assumption that the Architects intended to be bound to the tasks stated in Article 9.  This does not mean that the Architects' duties are limited to those contained in Article 9 (nor that Article 9 does in fact bind them), but the Court will determine if there is evidence that the Architects breached those written duties.

Article 9 states, in part, that:

> 9.2   The Architect will visit the site at intervals . . . (1) to become generally familiar with and to keep the Owner informed about the progress and quality of the portion of the Work completed, (2) to endeavor to guard the Owner against defects and deficiencies in the work, and (3) to determine in general if the Work is being performed in a manner indicating that the Work then fully completed, will be in accordance with the Contract Documents.
>
> 9.3   The Architect will not be responsible for the Contractor's failure to perform the Work in accordance with the requirements of the Contract Documents.
>
> 9.4   [T]he Architect will review and certify the amounts due the Contractor and will issue Certificates for Payment in such amounts.
>
> 9.5   The Architect will have authority to reject Work that does not conform to the Contract Documents.

Am. Compl. Ex. 1, Article 9 (AIA Contract).

The Architects argue that the duties and warranties alleged by Diamond Beach are "legal conclusions made up by the Plaintiff."  Mem. Supp. Mot. at 5-6.  The existence *vel non* of a duty or obligation within an oral contract is a question of fact. *Home Paramount Pest Control Cos. v. FMC Corp.*, 107 F.Supp.2d 684, 692 (D. Md. 2000) (*citing Globe Home Improvement Co. v. McCarty*,

6

204 Md. 513, 517 (1954)). As Diamond Beach's allegations are accepted as true for purposes of this motion, the Court will accept that the duties and obligations are imposed as terms of the oral agreement and assess whether Diamond Beach has alleged facts suggesting their breach.

In Count I, Diamond Beach alleges that the Architects failed to comply with the obligations of Article 9 when they allowed the work to be performed "in a manner not in compliance with the contract or contract specifications, the applicable building codes, industry standards, or manufacturer requirements." Am. Compl. ¶ 26. Diamond Beach explicitly alleges several ways in which the windows failed to comply with the specifications, including the Architects' knowledge of defects and of the failure of the windows to pass certain testing procedures. *Id*. ¶ 20-22.

Despite the Architects' invitation, the Court declines to read section 9.3 of Article 9 to overrule potential duties in the oral agreement or to override sections 9.2 and 9.5. Indeed, section 9.3 could be interpreted to preclude liability only when the architect abides by its duty to discover and disclose, but, despite that diligence, the contractor still breaches. As the existence of the terms of the Architect Contract is a question of fact, the Court concludes that Diamond Beach has sufficiently pled breach of contract in Count I.

In Count II, Diamond Beach alleges that the Architects

breached their duty, under the Architect Contract, to: 1) "[p]roperly design and engineer the requirements of the contract for the [Project]"; 2) require Lindman to correct all deficient work; 3) alert Diamond Beach as to defective or deficient work; 4) certify work as completed only after Lindman had completed it in accord with the Lindman Contract; 5) certify work as substantially complete only if it was in accord with the Lindman Contract; and 6) alert Diamond Beach whenever the terms of the Lindman Contract were breached.  *Id*. ¶ 29.  Moreover, Diamond Beach alleges that the Architects breached their duties by permitting Lindman to perform work that was "in breach of contract, deficient, not compliant with industry standards, and not compliant with manufacturing requirements."  *Id*. ¶ 30. Again, Diamond Beach has sufficiently alleged contractual obligations.

Diamond Beach alleges that the Architects submitted written observation reports that, *inter alia*, failed to disclose problems with Lindman's work on the Project known to the Architects and certified incomplete or incorrect work.[3]  Am. Compl. ¶ 22.  The Court concludes that Diamond Beach has sufficiently alleged breach of contract to survive this motion.

---

[3] Diamond has not alleged any facts indicating that the Architects failed to "[p]roperly design and engineer the requirements of the contract."

C.   Fraud

The Architects allege that Diamond Beach has failed to state a claim for fraud.  Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  To prevail in an action for fraud, Diamond Beach must show that:

> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

*Hoffman v. Stamper*, 385 Md. 1, 28 (2005).  Fraud may consist of the suppression of truth in addition to the assertion of a falsehood.  *Id*. at 28 n.12.

Diamond Beach alleges that the Architects engaged in fraud when they: 1) convinced Diamond Beach to hire Lindman, and 2) completed their written observation reports.  Upon review of the allegations contained in the Amended Complaint, the Court concludes that Diamond Beach has sufficiently pled fraud.  Am. Compl. ¶ 46 (alleging that: 1) the Architects knew the representations were false when made; 2) the representations induced Diamond Beach to pay Lindman for defective work, *id*. ¶ 43

(alleging improper certification of work and representations that the work was substantially completed); 3) the Architects made the representations for the purpose of defrauding Diamond Beach, *see id.* ¶ 9, 11 (alleging some sort of improper relationship between Lindman and the Architects); and 4) caused Diamond Beach to make payments it would have otherwise withheld).

D.   Concealment or Non-Disclosure

The Architects argue that Diamond Beach has failed to state a claim for concealment.  The parties agree on the elements of a claim for fraudulent concealment; to prevail Diamond Beach must show that:

> (1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

*Green v. H & R Block, Inc.*, 355 Md. 488, 525 (1999).

"A duty to disclose arises in certain relationships such as a confidential or fiduciary relationship."  *Hogan v. Md. State Dental Ass'n.*, 155 Md.App. 556, 566 (2004).  "Such a confidential relationship exists where confidence is reposed, and in which dominion and influence resulting from such confidence may be exercised by one person over another."  *Id.* 566-67 (citations omitted).

Diamond Beach has alleged that the Architects were

10

designated as the owner's representative for purposes of the Lindman Contract.  Am. Compl. ¶ 50.  Indeed, Diamond Beach allegedly consulted with and relied upon the Architects to decide which general contractor's bid should be accepted.  *Id*. ¶ 8, 10.  Moreover, the Architects have an alleged contractual duty to disclose Lindman's deficient performance.  Accordingly, Diamond Beach has sufficiently alleged that the Architects owed a duty to disclose.

In addition, Diamond Beach alleges that they would not have hired Lindman had it known of the relationship with the Architects, nor would it have paid Lindman had the Architects disclosed the construction deficiencies.  A reasonable person, upon learning of his contractor's deficient performance, likely would withhold payment.  Accordingly, Diamond Beach has sufficiently alleged that the Architects failed to disclose a material fact.

Intent to defraud requires a deliberate intent to deceive.  *See Sass v. Andrew*, 152 Md. App. 406, 430 (2003) (discussing proof of fraud and concealment).  Diamond Beach alleges that the Architects knew of the deficient construction of the windows yet still failed to disclose the construction problems when certifying the work and asserting that it was substantially completed.  Moreover, Diamond Beach alleges that the Architects advocated for Lindman's hiring--despite a $145,000 higher price--

11

without disclosing their ongoing relationship.  Accordingly, Diamond Beach has sufficiently alleged intent to defraud.

Diamond Beach has sufficiently alleged that, in paying Lindman, it relied on the Architects' written observations and representations that failed to disclose improper construction. Accordingly, Diamond Beach has properly alleged reliance and damages.  Therefore, concealment has been properly pled.

E.   Maryland Consumer Protection Act

Diamond Beach alleges that the Architects engaged in unfair or deceptive trade practices in violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law. § 13-303, (the "CPA").  Am. Compl. ¶ 58.  The Architects argue that the CPA does not apply to the services of architects and engineers.

Indeed, section 13-104(1) specifically states that the CPA does not apply to, *inter alia*, "[t]he professional services of [an] architect [or a] professional engineer." § 13-104(1); *see also Lopata v. Miller*, 122 Md. App. 76, 93 (1998) (rejecting the application of the CPA to claims against real estate agents because it specifically exempted real estate agents and brokers from its provisions), *Hogan*, 155 Md. App. at 564 (rejecting the CPA with respect to dentists as they too are specifically exempted).  Accordingly, judgment on the pleadings will be entered in favor of the Architects on Count VII of the Amended Complaint.

12

III. Conclusion

With respect to Counts I, II, IV, and V, Diamond Beach has sufficiently alleged facts that, if true, would warrant judgment in its favor.  For this and the reasons discussed above, the Architects motion for judgment on the pleadings will be granted in part and denied in part.  Judgment on the pleadings will be denied as to Counts I, II, IV, and V, and granted as to Count VII.


<u>January 11, 2007</u>                            <u>      /s/                  </u>
Date                                     William D. Quarles, Jr.
                                         United States District Judge